UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| DANIEL STOVALL, | ) | |
|---|---|---|
| Petitioner, | ) | 5:17-cv-00448-GFVT-REW |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KEITH HELTON, WARDEN, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition filed by then-Magistrate Judge Robert E. Wier.[1] [R. 12.] Petitioner Daniel Stovall filed a *pro se* petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2254. [R. 1.] Consistent with local practice, Judge Wier reviewed the petition and ultimately recommends that the Court deny Mr. Stovall's Petition in its entirety.

Mr. Stovall filed this § 2254 petition on the following grounds: (1) ineffective assistance of counsel, (2) Fourth Amendment claims asserting the state trial court erred in not granting a motion to suppress and in concluding that police had probable cause to arrest him, and (3) actual innocence or insufficient evidence. [R. 12 at 8; R. 1 at 5–6.] Judge Wier addressed each ground in turn and found that the "[p]etition fails in all respects to justify displacing the treatment of the matter by the courts of the Commonwealth." [R. 12 at 2.] Specifically, Judge Wier found that Mr. Stovall could not establish ineffective assistance of counsel based solely on a "cursory

---

[1] Judge Wier is now a United States District Court Judge. As this matter was considered when Judge Wier was a magistrate judge, he prepared a Report and Recommendation for review by the presiding district court judge.

contention that his trial counsel didn't investigate" a missing video. [R. 12. at 12–13.] Furthermore, Judge Wier found that Mr. Stovall's attempt to seek habeas relief based on the asserted Fourth Amendment grounds was barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1967). Judge Wier explained that where, as here, the state courts provided "an opportunity for full and fair litigation" of a petitioner's Fourth Amendment claims, federal habeas corpus review of those claims is prohibited. [R. 12 at 19; *see also Stone v. Powell*, 428 U.S. at 481–82.] Finally, Judge Wier found that Mr. Stovall presented "utterly no proof" to support or develop his innocence arguments and, therefore, put forth no credible claim of actual innocence. [R. 12 at 20; *see also Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . ..").]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the recommended disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991).

Petitioner Stovall filed timely objections on March 23, 2018. [R. 16.] The Court acknowledges its duty to review Mr. Stovall's filings under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84–85

(6th Cir. 1985). Mr. Stovall's objections, even under the less stringent standard applied to pleadings made by *pro se* litigants, are not sufficiently specific to trigger *de novo* review. *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Rather than identifying specific factual or legal issues, he reiterates the same arguments he presented in his initial petition. [*Compare* R. 1 *with* R. 18.] Mr. Stovall's letter, as in his initial petition, attacks the underlying factual findings that supported the state-court decisions and fails to identify as problematic any portion of Judge Wier's analysis. [R. 16 at 2.]

Even so, the Court has reviewed the record, as well as the relevant case law and statutory authority, and agrees with Judge Wier's thorough analysis of Mr. Stovall's claims. Furthermore, the Court agrees with Judge Wier and declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . .." Rules Governing Section 2254 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Petitioner Daniel Stovall's Objections to the Magistrate Judge's Report and Recommendation [**R. 16**] are **OVERRULED**;

2. The Magistrate's Report and Recommendation [**R. 12**] as to Petitioner Daniel Stovall is **ADOPTED** as and for the opinion of the court;

3. Petitioner Daniel Stovall's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [**R. 1**] is **DENIED**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by Petitioner; and

5. **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith.

This the 7th day of October, 2019.

Gregory F. Van Tatenhove
United States District Judge